IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GARCIA,            No. 2:15-CV-1869-JAM-CMK-P

    Plaintiff,

  vs.                    <u>FINDINGS AND RECOMMENDATIONS</u>

N. RIAZ, et al.,

    Defendants.

                              /

         Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Bodenhamer's motion to dismiss (Doc. 13).[1]

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Defendant Riaz has answered the complaint. (<u>See</u> Doc. 19).

1

# I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) N. Riaz; and (2) D. Bodenhamer. Plaintiff states that he was injured by prison staff while housed at Corcoran State Prison. Plaintiff further states that he "won a successful settlement" in <u>Garcia v. Masiel, et al.</u>, E.D. Cal. case no. 1:07-CV-1750-AWI-SMS, "wherein plaintiff alleged excessive force causing injury." Plaintiff alleges:

> Although not specifically written, yet certainly implied, plaintiff was led to believe the medical treatments and pain medication that would be needed would be forever provided as long as he remained in the custody of the CDCR, and for that reason did not believe at the time of settlement that he needed to include those terms in the written instrument of the agreement.

Plaintiff claims that, on August 25, 2015, defendant Riaz, a prison doctor, "took plaintiff's pain management medications without any regard to the extensive historical record of need. . . ." Plaintiff alleges that defendant Riaz acted consistent with "CDCR's use of sweeping." According to plaintiff:

> Plaintiff has personally witnessed CDCR's use of sweeping, arbitrary unconstitutional blanket instructions where a [sic] institution will send Dr.'s throughout an institution with instructions to take any and all pain medications for inmates receiving chronic pain management. No real method or justification is used, and it is because of one of these "sweeps" that plaintiff became victim of that this claim arises.

Plaintiff also claims: "When plaintiff complained of the obvious denial of any objective review for his appeal, CDCR then sent a Dr.'s 'assistant,' defendant Bodenhamer." Plaintiff alleges:

> Plaintiff believes, and therefore alleges herein, that defendant Bodenhamer, without the qualifications, expertise, education, or any other reasonable means to believe she was competent to do so, denied plaintiff's request to be provided treatment as proved adequate and appropriate by specialists and experts, in an effort at containing the improper, and unconstitutional use of blanket instructions to prison Dr.'s, by making sure inmates are not allowed to have their appeals (or staff's actions) heard by anyone "out-side the loop." Bodenhamer's actions were intentional, goal oriented, and unconstitutional, where her denial of relief was done to

2

ensure [sic] plaintiff was denied pain relief, as she, herself, can not even legally write a prescription without a Dr.'s approval. To review the acts of an actual Dr. who has a license to practice medicine is proof in itself.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.

at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

Defendant Bodenhamer argues that plaintiff fails to state a cognizable § 1983 claim arising from her handling of plaintiff's inmate grievance concerning medication. The court agrees. Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process

4

grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

To the extent plaintiff alleges that defendant Bodenhamer is liable under the Eighth Amendment based on deliberate indifference to his medical needs, the court also finds that plaintiff has failed to state a cognizable claim. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

/ / /

/ / /

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

A virtually identical claim against defendant Bodenhamer was raised on <u>Norman v. Riaz</u>, E. Dist. Cal. No. 2:15-CV-1346-GEB-AC, <u>see</u> 2016 WL 3748711 (E.D. Cal. 2016) and 2016 WL 3670034 (E.D. Cal. 2016). As in the instant case, the plaintiff in <u>Norman</u> alleged that "Bodenhamer merely agreed with defendant Dr. Riaz without exercising her independent medical judgment; moreover, that Bodenhamer 'did not have the adequate training or expertise to over-ride a doctor.'" The undersigned agrees with Magistrate Judge Claire and District Judge Burrell that "Bodenhamer's alleged failure to conduct an independent review may have been medically negligent, but it does not violate the Eighth Amendment."

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendant Bodenhamer's motion to dismiss (Doc. 13) be granted and that this action proceed against defendant Riaz only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2018

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE